UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHALITA SAVAGE,
by JASON DYE, Next Friend,

     Petitioner,

                               Case No. 25-11853
                               Hon. F. Kay Behm

v.

GENESEE COUNTY JAIL, et. al.

     Respondents.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE
PETITION FOR A WRIT OF HABEAS CORPUS AND
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY
OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

This matter is before this Court on a petition for a writ of habeas corpus

brought pursuant to 28 U.S.C. § 2241. The petition was filed by Jason Dye on

behalf of Shalita Savage, who is currently incarcerated at the Genesee County Jail

in Flint, Michigan. For the reasons that follow, the petition for a writ of habeas

corpus is SUMMARILY DISMISSED.

## I.    Background

The petition does not indicate what charges are being challenged, but it

appears that Savage was charged in the 67th District Court in Flint, Michigan, on

June 20, 2025, with one count of malicious destruction of police property, three

counts of resisting and obstructing a police officer, and one count of disturbing the

peace. A probable cause conference was scheduled for July 3, 2025.[1] Dye in the

petition alleges that the pending prosecution violates Savage's First and Fourth

Amendment rights. It also alleges that Savage has been denied a probable cause

hearing.

## II.    Discussion

Promptly after the filing of a petition for a writ of habeas corpus, the Court

must undertake a preliminary review of the petition to determine whether "it

plainly appears from the face of the petition and any exhibits annexed to it that the

petitioner is not entitled to relief in the district court." Rule 4, Rules Governing §

2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the

Court determines that the petitioner is not entitled to relief, the Court must

summarily dismiss the petition. Rule 4; *see also Allen v. Perini*, 424 F.2d 134, 141

(6th Cir.1970) (stating that the district court has the duty to "screen out" petitions

that lack merit on their face). A federal district court is authorized to summarily

dismiss a habeas corpus petition if it plainly appears from the face of the petition

and any attached exhibits that the petitioner is not entitled to federal habeas relief.

*See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434,

---

[1] https://micourt.courts.michigan.gov/case-search/court/D67/case-details?caseId=2025-25T01712-FY-01&tenantKey=D67-25-0626170-00-00&searchUrl=%2Fcourt%2FD67%2Fsearch%3FlastName%3Dsavage%26firstName%3Dshalita%26page%3D1.
Public records and government documents, including those available from reliable sources on the internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014); *United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).

436 (6th Cir.1999). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141. Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See, e.g., Perez v. Hemingway,* 157 F. Supp.2d 790, 796 (E.D. Mich. 2001) (citations omitted). Because the instant petition is facially insufficient to grant habeas relief, the petition is subject to summary dismissal. *Id.*

The petition for writ of habeas corpus must be dismissed for two reasons. First, Dye lacks standing to file a habeas petition on behalf of Savage, because he failed to demonstrate that it is necessary for him to represent Savage in federal court. An application for a writ of habeas corpus may be filed by one person on behalf of another. 28 U.S.C. § 2242 ("Application for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). However, "next friend" status will not be granted automatically. *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).  Two "firmly rooted prerequisites" must be satisfied before "next friend" status will be conferred. *Id.* First, "a 'next friend' must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.*  Secondly,

3

"the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id*. Restrictions have been imposed upon whom may act as a "next friend" because "[i]t was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends." *Id.* at 164. Where a habeas petitioner seeks to proceed as the next friend of a state inmate, the burden is upon the petitioner to establish the propriety of his status to justify the court's jurisdiction. *See Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998).

Dye is not entitled to maintain a "next friend" action on behalf of Savage, because he has failed to allege or present evidence that Savage is incompetent or incapable of bringing a habeas petition on her own behalf, nor has Dye presented evidence that he is truly dedicated to Savage's interests. *See Tate v. U.S.,* 72 F. App'x 265, 267 (6th Cir. 2003).

Secondly, even if Dye is able to proceed as Savage's "next friend," Savage is nonetheless not entitled to habeas relief, because her criminal charges are still pending in the 67th District Court. In the absence of "special circumstances," federal habeas corpus relief is not available to review the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). A state criminal case is therefore ordinarily ripe for federal habeas review

4

only after the defendant has been tried, convicted, sentenced, and has pursued his direct appeals. *Allen v. Attorney General of the State of Maine*, 80 F.3d 569, 572 (1st Cir. 1996); *see also Hoard v. State of Michigan*, No. 05-73136, 2005 WL 2291000, *1 (E.D. Mich. Sept. 19, 2005). Although federal courts have jurisdiction to hear pre-trial habeas corpus petitions, a federal court should generally abstain from exercising this jurisdiction to consider a pre-trial habeas petition if the issues raised in the petition are capable of being resolved either by trial in the state courts or by other state procedures available to the petitioner. *See Atkins v. People of the State of Michigan*, 644 F.2d 543, 545-546 (6th Cir. 1981). Where a habeas petitioner's claims, if successful, would be dispositive of pending state criminal charges, the claims may be exhausted only by presenting the issues at the trial in state court, including claims that provide an affirmative defense to the criminal charges and claims that would "abort a state criminal proceeding, dismiss an indictment, or prevent a prosecution." *Moore v. United States*, 875 F. Supp. 620, 622 (D. Neb. 1994). The practical effect of this exhaustion requirement is that review of dispositive claims in habeas is not available prior to a state trial. *Id.*

There are several exceptions to the rule that prejudgment habeas relief is unavailable to a state prisoner. One exception to this general rule is a claim that an impending state trial would violate the Double Jeopardy clause of the federal constitution. *See Klein v. Leis,* 548 F.3d 425, 430, n.2 (6th Cir. 2008). The petition

5

does not allege that the pending state court charges violate Savage's rights under the Double Jeopardy Clause.

Another exception to this rule would involve a pre-trial habeas petition in which a state prisoner asserted his speedy trial rights for the sole purpose of seeking a writ of habeas corpus that would order the state to bring the prisoner to trial in a timely manner. *See Atkins*, 644 F.2d at 547. Although an attempt to dismiss an indictment or otherwise prevent a prosecution is normally unattainable by way of pre-trial habeas corpus, an attempt to force the state to go to trial may be made prior to trial, although state court remedies would still have to be exhausted. *Id.* The petition does not allege that Savage's speedy trial rights are being violated.

### III.    Conclusion

The Court will summarily dismiss the petition for a writ of habeas corpus. The Court will also deny a certificate of appealability to Savage. 28 U.S.C. § 2253 governs appeals in habeas corpus proceedings. Whether a habeas petitioner's habeas corpus petition was brought under § 2254 or brought under § 2241, he must obtain a certificate of appealability before appealing this Court's denial of the habeas petition. *See* § 2253(c)(1)(A); *Greene v. Tennessee Dep't of Corrections*, 265 F.3d 369, 372 (6th Cir. 2001) (a state prisoner who seeks habeas corpus relief under § 2241 must obtain a certificate of appealability to bring an appeal); *Winburn v. Nagy,* 956 F.3d 909, 912 (6th Cir. 2020) (pre-trial detainee who

challenged pending state prosecution pursuant to § 2241 was required to obtain a certificate of appealability).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated in this opinion, the Court will deny a certificate of appealability because Dye failed to present evidence that Savage is incompetent or incapable of bringing a habeas petition on her own behalf, nor did he present evidence that he is truly dedicated to Savage's interests. Jurists of reason would not find debatable this Court's decision that Dye lacks standing to bring a habeas petition on Savage's behalf. *See Carpenter v. King*, No. 24-1587, 2024 WL 5319080 (6th Cir. Dec. 5, 2024). Jurists of reason would also not find debatable this Court's conclusion that Savage's claims are non-cognizable in a pre-trial habeas petition. *See McGinnis v. Wyoming*, 407 F. App'x 303, 304 (10th Cir. 2011). The Court will also deny Dye leave to appeal *in forma pauperis,* because

the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

It is **ORDERED** that the petition is **SUMMARILY DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Savage is denied a certificate of appealability or leave to appeal *in forma pauperis.*

**SO ORDERED.**

<u>s/F. Kay Behm</u>
F. Kay Behm
Dated: July 8, 2025          United States District Judge

8